J-S04022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DWAYNE HARRIS | |
| Appellant | No. 3638 EDA 2015 |

Appeal from the PCRA Order November 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0603681-2005

BEFORE:  SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                              **FILED MAY 23, 2017**

Dwayne Harris appeals *pro se*[1] from the order entered November 3, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Harris seeks relief from the judgment of sentence of an aggregate term of 20 to 40 years' imprisonment, followed by 15 years' probation.[2]  Based upon the following, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As will be more fully discussed below, the PCRA court vacated PCRA counsel's appointment after counsel filed a no-merit letter and a motion to withdraw from representation.

[2] The trial court, following a Megan's Law hearing, determined Harris was a sexually violent predator (SVP).

On September 29, 2005, Harris entered an open guilty plea to charges of rape, involuntary deviate sexual intercourse (IDSI), incest, and corruption of minors.[3]  Sentencing followed on June 22, 2007, and no direct appeal was filed.  Over seven and one-half years later, on February 18, 2015, Harris filed this first PCRA petition *pro se*, asserting he was "challenging the legality of his sentence pursuant to a New Constitutional Rule," and further stating, "[t]he mandatory minimum statute that the Petitioner has been sentenced to has been struck down as facially unconstitutional."  Harris's PCRA Petition, 2/18/2015, at 9, *citing, inter alia*, **Alleyne v. United States**, 133 S. Ct. 2151 (2013),[4] and **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super.

---

[3] **See** 18 Pa.C.S. §§ 3121(1), 3123(a)(1), 4302, and 6301(a), respectively.

[4] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne, supra**, 133 S. Ct. at 2155. Subsequently, in **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), this Court noted that **Alleyne** will be applied to cases pending on direct appeal as of June 27, 2013, the date of the **Alleyne** decision.

"The effect [of **Alleyne**] was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." **Commonwealth v. Washington**, 142 A.3d 810, 812 (Pa. 2016).

2014) (invalidating 42 Pa.C.S. § 9718 ("Sentences for offenses against infant persons") as unconstitutional).[5]

Counsel was appointed, and subsequently filed a petition to withdraw, together with a no-merit letter.[6]  The no-merit letter advised that the petition was untimely and no exception to the PCRA's statutory time-bar applied in this case.  *See* No-Merit Letter, 8/5/2015, at 1. The no-merit letter further advised that even if the petition was timely, Harris was not sentenced under any unconstitutional mandatory sentencing provision. *See id.* at 3.

On October 1, 2015, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and permitted Harris 20 days to respond to the proposed dismissal. Harris filed a timely response to the PCRA court's Rule 907 notice on October 19, 2015.[7]  Thereafter, on November 3, 2015, the PCRA court issued a final order that dismissed

_____

[5] On June 20, 2016, the Pennsylvania Supreme Court affirmed this Court's decision in *Wolfe*.  *See Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

[6] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[7] Harris's Rule 907 response was mailed from prison in an envelope post-marked October 19, 2015. According to the "prisoner mailbox rule," a document will be deemed filed on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Harris's *pro se* petition without a hearing, and vacated PCRA counsel's appointment. ***See*** Order, 11/3/2015. This appeal followed.[8]

Harris contends that he is serving a mandatory minimum sentence imposed pursuant to 42 Pa.C.S. § 9718, and that the sentence is illegal in light of ***Alleyne*** and ***Wolfe***. ***See*** Harris's Brief at 11. The court's sentencing order, however, attaches a form that indicates the sentence imposed was not a mandatory sentence. ***See*** Court Commitment, attached to Sentencing Order, 6/22/2007 (Docket #2).[9] In any event, for the reasons set forth below, even if Harris did receive a mandatory minimum sentence pursuant to Section 9718, he would not be entitled to PCRA relief.

> Preliminarily, we state our standard of review:
>
> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Taylor***, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283-1284 (Pa. 2016).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). A

---

[8] On December 4, 2015, the PCRA court issued an order for Harris to file a Pa.R.A.P. 1925(b) statement within 21 days of the court's order. Harris complied by filing a Rule 1925(b) statement, which was entered on the docket on December 18, 2015.

[9] The notes of testimony of the sentencing hearing are not included in the certified record.

PCRA petition must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three statutory exceptions to the PCRA's timeliness provisions that allow for limited circumstances under which an otherwise untimely PCRA petition may be reviewed. To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Harris was sentenced on June 22, 2007, and because no appeal was filed, his judgment of sentence became final on Monday, July 23, 2007,

- 5 -

following the expiration of the 30-day appeal period. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). **See also** 1 Pa.C.S. § 1908 ("Computation of time"). Therefore, applying the PCRA's one year time limitation, Harris had until July 23, 2008, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). However, because Harris filed this first PCRA petition on February 18, 2015, it is patently untimely. **See** 42 Pa.C.S. § 9545(b)(1).

In this regard, it is important to note that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). Accordingly, in this case, there is no jurisdiction to review the present petition unless a timeliness exception applies. **See** 42 Pa.C.S. 9545(b)(1)(i)-(iii). The PCRA court determined no timeliness exception applied, and we agree.

Harris's assertion that his sentence is illegal in light of the United States Supreme Court's decision in **Alleyne** invokes the PCRA's statutory exception for a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii), **supra**. However, the Pennsylvania Supreme Court, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), held that the new constitutional rule announced in **Alleyne** — decided by the United States Supreme Court on June 17, 2013 — is not a new substantive or watershed procedural rule that warrants retroactive application to cases on collateral review where the petitioner's judgment of

sentence had already become final before **Alleyne** was decided. **Accord Commonwealth v. Ciccone,** 152 A.3d 1004 (Pa. Super. 2016) (*en banc*). Moreover, to date, there is no United States Supreme Court decision holding that **Alleyne** applies retroactively to untimely PCRA petitions. As such, Harris's claim does not satisfy the "new constitutional right" exception based upon **Alleyne**. Furthermore, in this regard, Harris's reliance on **Wolfe** is misplaced as **Wolfe** did not announce a new constitutional right, but rather applied **Alleyne** in a direct appeal.[10]

Even had Harris's claim based on **Alleyne** satisfied Section 9545(b)(1)(iii), Harris still would not be entitled to PCRA relief since he failed to file his petition within 60 days of the **Alleyne** decision. **See** 42 Pa.C.S. § 9545(b)(2) (requiring petition invoking timeliness exception to be filed within 60 days of the date the claim could have been presented) **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) ("the sixty-day period begins to run upon the date of the underlying judicial decision"). Although Harris asserts he filed his petition within 60 days of this

---

[10] In **Wolfe**, it was after the defendant's trial and prior to his October 1, 2013, sentencing that the Supreme Court of the United States issued its **Alleyne** decision. On appeal, this Court applied **Alleyne** and held that mandatory minimum sentences imposed pursuant to 42 Pa.C.S. § 9718 were illegal. **See Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), *affirmed*, 140 A.3d 651 (Pa. 2016).

Court's decision in **Wolfe**, we have already explained that **Wolfe** did not announce a new constitutional right.

In sum, we conclude the PCRA court correctly determined it lacked jurisdiction to consider the merits of Harris's PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm.[11]

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

_____

[11] Harris also states in his brief that he "challenges the (SVP) provision under Megan's Law, that statute that was used to sentence him is unconstitutional." Harris's Brief at 17, *citing* **Commonwealth v. Williams**, 733 A.2d 593 (Pa. 1999). Harris raised this issue in his response to the PCRA Court's Rule 907 notice. **See** Harris's Notice of Objection and Response to the Notice of Intent to Dismiss PCRA [Petition], 11/12/2015, at 3 ¶14. This claim, however, does not implicate any statutory exception to the PCRA's time bar, and no further discussion of this issue is warranted.